FILED
2009 Aug-11  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Jeremy A. Kirby, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 09-G-0184-NE |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

The plaintiff, Jeremy A. Kirby, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits.  Jeremy A. Kirby filed an application for Social Security Benefits.  Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review pursuant to the provisions of section  205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal

standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.  The plaintiff's argument that the ALJ improperly relied upon the residual functional capacity ("RFC") assessment of Dr. Anderson, rather than that of Dr. Beach is unpersuasive.  Dr. Anderson saw the plaintiff in connection with treatment of his back injury and is considered a treating source under the Commissioner's regulations.  The ALJ noted in his decision that Dr. Beach cited no clinical findings in support of his RFC assessment, and had not seen the plaintiff in the five years prior to his RFC assessment.  The ALJ also noted that Dr. Anderson based his opinion on a comprehensive functional capacities evaluation ("FCE").  The FCE showed inconsistencies in the plaintiff's effort and positive Waddel signs and Dr. Anderson opined that the work restrictions he placed on the plaintiff were probably an underestimation of what

the plaintiff could actually do.[1]  Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 11 August 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[1] A positive Waddell's test indicates the presence of nonorganic problems for patients with lower back pain.  See "Screening for Psychological Factors in Patients With Low Back Problems: Waddell's Nonorganic Signs" (Adapted from: Scalzitti DA. "Screening for Psychological Factors in Patients with Low Back Problems: Waddell's Nonorganic Signs." Phys Ther. 1997;77:306-312.) viewed at: http://www.orthoteers.co.uk/Nrujp~ij33lm/Orthspinelbp2.htm